# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

April 14, 2010

*Before*

WILLIAM J. BAUER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

Nos. 07-2093 and 07-2182

| | |
|---|---|
| JOSEPH E. CORCORAN, | Appeals from the United States District |
| *Petitioner-Appellee/* | Court for the Northern District of |
| *Cross-Appellant*, | Indiana, South Bend Division. |
| | |
| *v.* | No. 05 C 389 |
| | |
| MARK LEVENHAGEN, | Allen Sharp, |
| Superintendent, | *Judge*. |
| *Respondent-Appellant/* | |
| *Cross-Appellee.* | |

## O R D E R

Upon consideration of the petition for rehearing and rehearing *en banc*, filed by respondent-appellant/cross-appellee on February 24, 2010, and the answer filed by petitioner-appellee/cross-appellant on March 25, 2010, no judge in active service has requested a vote on the petition for rehearing *en banc* and all of the judges on the original panel have voted to deny the petition for rehearing.  It is, therefore, **ORDERED** that the petition for rehearing and rehearing *en banc* is **DENIED**.

**IT IS FURTHER ORDERED** that the court's opinion dated January 27, 2010, is amended as follows:

On page 5 of the slip opinion, second full paragraph, line 12, the phrase "two obviously unreasonable fact determinations" shall be replaced with "an obviously unreasonable fact determination".

On page 7 of the slip opinion, the sentence at the end of the paragraph at the top – "But the state trial court must reconsider its sentencing determination, . . ." – shall be appended with:

> This will cure the state trial court's "unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1). (It will also prevent noncompliance with Indiana law. Petitioner contended that, under the circumstances of this case, noncompliance with state law also violates the federal Constitution and thus warrants him relief under 28 U.S.C. § 2254(d)(2). Respondent has not advanced any contrary argument based on *Wainwright v. Goode*, 464 U.S. 78 (1983), or any similar decision.)

On page 7 of the slip opinion, the first full paragraph, through all of page 9, shall be deleted and replaced with:

> For completeness, we note that there were no other prejudicial errors in the sentencing process. Corcoran also claimed that the Indiana trial court failed to consider six of the ten mitigating circumstances Corcoran proffered: (1) his age; (2) his substantially impaired ability to appreciate the criminality of his conduct or to conform that conduct with the requirements of the law; (3) his inability to competently assist in his defense; (4) his forethought to protect his seven-year-old niece during the murders; (5) his good behavior in jail before sentencing; and (6) his admission of guilt "at all stages of the legal process" including the trial. But when the trial court first sentenced Corcoran, it explicitly discussed and rejected these mitigators as either false or nonmitigatory. Trial Tr. at 2915; *State of Indiana v. Corcoran*, No. 02D04-9707-CF-465, at 3-6 (Ind. Super. Ct. Aug. 26, 1999). When the Indiana Supreme Court later advised it to clarify only whether it had used non-statutory aggravators, it is unsurprising that the trial court declined to reiterate its analysis of these mitigators it had previously rejected.
>
> The Indiana Supreme Court made an erroneous finding of fact, that the trial court "analyzed" and "rejected" Corcoran's age in its sentencing order, *Corcoran*, 744 N.E.2d at 500, because the sentencing order makes no mention of Corcoran's age except to note that Corcoran proffered it as a mitigator. But that error was harmless, as the trial court considered Corcoran's age when it orally pronounced sentence upon him. Trial Tr. at 2915.